# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VINCENT TANG et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:11-cv-00182-RCJ-RAM |
| vs. ) | |
| ) | |
| BANK OF AMERICA et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

      This is a standard foreclosure case involving one property. The Property is in Fernley, Nevada but Plaintiffs reside in California according to their own filings. The Property is therefore either a second home or rental or investment property. The Complaint lists twenty-six causes of action (mostly alleging federal failure-to-disclose violations). Plaintiffs have moved for a preliminary injunction and for judgment on the pleadings, and Defendants have moved to dismiss.

      Plaintiffs made a $206,471 promissory note and deed of trust ("DOT") to lender Countrywide Home Loans, Inc. to purchase real estate at 662 Canary Cir., Fernley, NV 89408. (*See* DOT 1–4, Mar. 15, 2006, ECF No. 12-3). The trustee was Recontrust Co., N.A. (*See id.* at 2). Recontrust filed a notice of default ("NOD") in December 2009 based on a default since September 1, 2009. (*See* NOD 1–2, Dec. 9, 2009, ECF No. 12-10). The state foreclosure mediation program certified the property for foreclosure because no request for mediation was made or mediation was waived. (*See* Certificate, June 8, 2010, ECF No. 12-11). Recontrust noticed a trustee's sale for March 18, 2011. (*See* Notice of Trustee's Sale 1–2, Feb. 25, 2011,

ECF No. 12-12).  The foreclosure was statutorily valid. *See* Nev. Rev. Stat. § 107.080(2)(c).

Plaintiffs filed the Complaint in this Court on March 10, 2011, listing twenty-six claims: (1)-(12), (16)–(18), (21)–(22) Truth in Lending Act ("TILA") Violations; (13)–(15), (19)–(20), (23)–(24) Real Estate Settlement Procedures Act ("RESPA") Violations; (25) Quiet Title; and (26) Injunctive Relief.  The statutes of limitations on TILA and RESPA claims ran no later than March 2009. *See Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1286–87 (D. Nev. 2010) (citing 15 U.S.C. §§ 1635(f), 1640(e); 12 U.S.C. § 2614).  Next, the quiet title claim fails because the foreclosure was proper under section 107.080(2)(c).  Finally, the prayer for injunctive relief fails because there is no substantive claim remaining to support it.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) is GRANTED and any lis pendens on the Property is EXPUNGED.

IT IS FURTHER ORDERED that the motion for Preliminary Injunction (ECF No. 9) and Motion for Judgment on the pleadings (ECF No. 11) are DENIED.

IT IS FURTHER ORDERED that the oral argument scheduled for July 5, 2011 is VACATED.

IT IS FURTHER ORDERED that the Clerk shall close the case and enter judgment accordingly.

IT IS SO ORDERED.

Dated this 20th day of May, 2011.

_____
ROBERT C. JONES
United States District Judge